UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY McPHERSON,<br><br>           Plaintiff,<br><br>     v.<br><br>KENDALL J. NEWMAN, et al.,<br><br>           Defendants. | No.  2:24-cv-00354 KJM CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

   Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

1

1  payments will be forwarded by the appropriate agency to the Clerk of the Court each time the
2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4  Screening Standards

5        The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
17  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
18  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
19  1227.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
27  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
28  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

Named as defendants are Magistrate Judge Kendall J. Newman and District Judge William B. Shubb.  Plaintiff alleges that he filed a habeas corpus petition in this court seeking immediate release from custody based on his unlawful conviction.  Plaintiff alleges that defendants Magistrate Judge Newman and Judge Shubb wrongly granted respondent's motion to dismiss filed in his habeas action.  As relief, plaintiff seeks money damages.

Court records in case no. 2:23-cv-01014 WBS KJN reflect that petitioner filed a petition for writ of habeas in this court on May 30, 2023.[1]  On August 26, 2023, respondent, represented by the Office of the Attorney General of California, filed a motion to dismiss on the grounds that the petition was barred by the statute of limitations.  On November 2, 2023, defendant Magistrate Judge Newman recommended that respondent's motion to dismiss be granted.  On December 21, 2023, defendant Judge Shubb adopted the November 2, 2023 findings and recommendations and dismissed 2:23-cv-01014.

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'"  Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)); see also Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds) (finding federal judge entitled to absolute judicial immunity).  And immunity is overcome only in two circumstances:

> First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Forrester v. White, 484 U.S., at 227–229; Stump v. Sparkman, 435 U.S., at 360. Second, a judge is not immune for actions, though judicial in nature,

---

[1] This court takes judicial notice of the record in 2:23-cv-01014.  Fed. R. Evid. 201.

3

taken in the complete absence of all jurisdiction. Id., at 356–357; Bradley v. Fisher, 13 Wall., at 351.

Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Defendants Magistrate Judge Newman and Judge Shubb are entitled to absolute immunity for their decisions addressing respondent's motion to dismiss filed in case no. 2:23-cv-01014. The decisions of defendants Magistrate Judge Newman and Judge Shubb were made in their judicial capacities and were not made in the complete absence of all jurisdiction.

Because it is clear that plaintiff cannot cure the pleading defects discussed above, this court recommends dismissal of this action. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Plaintiff's Summary Judgment Motion

On March 11, 2023, plaintiff filed a summary judgment motion based on his claims against defendants Magistrate Judge Newman and Judge Shubb. (ECF No. 7.) Because this court recommends dismissal of this action for the reasons set forth above, plaintiff's summary judgment motion is vacated.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently;

3. Plaintiff's summary judgment motion (ECF No. 7) is vacated; and

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 10, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mcph354.562